UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
JOSEPH INTERMOR, JR.,

               Plaintiff,

     -against-

LONG ISLAND WATER CORPORATION,

               Defendant.
------------------------------------X

AMENDED
MEMORANDUM & ORDER
08-CV-4337(JS)(WDW)

APPEARANCES:
For Plaintiff:     Jeffrey Kevin Brown, Esq.
                   Leeds Morelli & Brown P.C.
                   One Old Country Road, Suite 347
                   Carle Place, NY 11514

For Defendant:    Prashanth Jayachandran, Esq.
                   Kimberley Elizabeth Lunetta, Esq.
                   Morgan Lewis & Bockius LLP
                   502 Carnegie Center
                   Princeton, NJ 08540

SEYBERT, District Judge:

       Plaintiff, Joseph Intermor, Jr. ("Plaintiff" or "Intermor"), brought this action pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), New York State Executive Law § 290 et seq. ("NYHRL"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 624 et seq. ("ADEA"), and New York Labor Law § 193. Subsequently, Defendant filed a motion for sanctions and a motion for summary judgment pursuant to Rules 11 and 56 of the Federal Rules of Civil Procedure. For the reasons that follow, Defendant's motion for summary judgment is GRANTED and its motion for sanctions is GRANTED.

## BACKGROUND

Plaintiff was born on December 10, 1957. On or about December 16, 1985, Plaintiff began working for Long Island Water Corporation ("LIWC") in the position of Car Washer. (Def's 56.1 Stmt. ¶ 2.) In or about 1999, Plaintiffs title was changed to Assistant Mechanic, and he worked the afternoon/evening shift. (Id. ¶¶ 3, 5.) Plaintiff was the only person in the Assistant Mechanic position. (Id. ¶ 4.)

In November of 2007, LIWC began preparing for negotiation of the collective bargaining agreement with Plaintiff's labor union, the Utility Workers Union of America, Local 365 ("Union"), which would become effective as of January 1, 2008 ("2008 CBA"). (Id. ¶ 7.) As LIWC's President, William Varley ("Varley") is charged with controlling costs and has a responsibility to the LIWC's shareholders, to operate efficiently and to maximize profits. (Id. ¶¶ 8-10.) Two existing Mechanic B positions in the production department had been negotiated and created under a prior collective bargaining agreement. (Id. ¶ 13.) The two mechanics in these positions ("Mechanics") were often called in on overtime to maintain critical equipment and service problems in the evenings and on weekends. (Id. ¶ 14.) Varley calculated that the creation of a third Mechanic B position working evening shifts would lower the amount of overtime worked by the two existing Mechanics and result in a cost savings to LIWC. (Id. ¶ 15.) He also concluded

that the creation of a third Mechanic B position working evening shifts would also provide a stop gap measure to ensure that LIWC could make prompt repairs and supply water, in the event of equipment failure. (Id. ¶ 16.) However, not wanting to add LIWC employees, Varley proposed to the Union that they eliminate Plaintiff's position, and transferring him to a Mechanic B position instead. The Union agreed. (Id. ¶¶ 17-25.) Plaintiff had never worked in the Company's Production Department and did not have experience working on the equipment serviced by mechanics in the Production Department. (Id. ¶ 28.)

Because Plaintiff had not previously worked as a Mechanic B, LIWC proposed a three-year progressive increase in salary into the full rate for the position. (Id. ¶ 29.) The Union agreed to the proposed three-year rate progression. (Id. ¶ 30.) The three-year rate states that: "The incumbent's wages shall be adjusted in a three year progression during which time his base wage will increase by $1.475 per hour exclusive of the general wage increase." (Id. ¶ 31.) At some point thereafter, the Union told Plaintiff that the Assistant Mechanic position would be eliminated under the proposed CBA and that he could either leave with a severance package or transfer to the Mechanic B position. Plaintiff chose the transfer, and when the Union membership voted on the CBA, Plaintiff cast his vote to approve. (Id. ¶¶ 36-46.)

In the first year in the Mechanic B position, Plaintiff

earned more than in his prior position as Assistant Mechanic. (Id. ¶ 32.) During the second year of his employment in the Mechanic B position, Plaintiff filed a grievance with the Union, objecting to the progressive increase in salary. Thereafter, Plaintiff was paid all of the money he was owed. (Id. ¶¶ 52-56.) He remains employed as a Mechanic B.

Plaintiff claims that, although he was later paid all of the money he was owed and had less experience in the Mechanic B position than the others in that position, he is being treated differently because of his age. Defendant maintains that (1) Plaintiff's claims are entirely frivolous, and has filed a motion for sanctions, and (2) even if the Amended Complaint is not entirely frivolous, the case is appropriate for disposition on summary judgment.

DISCUSSION

I.   Motion For Summary Judgment

     A.   Rule 56: Standard Of Review

     A district court may properly grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Anderson v. Liberty Lobby,

4

_Inc._, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); _McLee v. Chrysler Corp._, 109 F.3d 130, 134 (2d Cir. 1997). The burden of proof is on the moving party to show that there is no genuine issue of material fact. _Gallo v. Prudential Residential Servs., L.P._, 22 F.3d 1219, 1223 (2d Cir. 1994) (_citing Heyman v. Commerce & Indus. Ins. Co._, 524 F.2d 1317, 1320 (2d Cir. 1975)). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." _McLee v. Chrysler Corp._, 109 F.3d 130, 134 (2d Cir. 1997).

B.    Discrimination Charge Filing Requirement For Title VII And ADEA

A mandatory prerequisite to seeking federal relief under Title VII or the ADEA is the timely filing of a discrimination charge with the EEOC. _See Paneccasio v. Unisource Worldwide, Inc._, No. 06-CV-3950, 2008 U.S. App. LEXIS 15400, at *26 (2d Cir. July 7, 2008); _Legnani v. Alitalia Linee Aeree Italiane, S.P.A._, 274 F.3d 683, 686 (2d Cir. 2001). The discrimination charge must be filed within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117.

This timeliness requirement is similar to a statute of limitations, and as such, can be tolled through waiver, estoppel, equity, or a continuing violation. _See Zipes v. Trans World_

5

<u>Airlines, Inc.</u>, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982). When a plaintiff files in an untimely manner, and does not establish a tolling exception, a claim for discrimination cannot be maintained. <u>See</u> <u>Zerilli-Edenglass v. New York City Transit Auth.</u>, 333 F.3d 74, 76 (2d Cir. 2003).

In this case, it appears that Plaintiff may have fulfilled the prerequisite for his ADEA claims, but not for his Title VII claims; these claims can be dismissed for this reason alone. Independent of this issue, however, Plaintiff's claims fail.

   C.   <u>Burden Shifting For Title VII, ADEA, And NYSHRL Claims</u>

Plaintiff claims that he was discriminated against on the basis of his race and age in violation of Title VII and the ADEA. Title VII, ADEA, and New York State Human Rights Law claims are analyzed under the same standard, the <u>McDonnell Douglas</u> three-step, burden-shifting framework. <u>See</u> <u>Woodman v. WWOR-TV, Inc.</u>, 411 F.3d 69, 76 (2d Cir. 2005); <u>Staff v. Pall Corp.</u>, 76 Fed. Appx. 366, 368 (2d Cir. 2003) (internal citations omitted); <u>see</u> <u>also</u> <u>Pratt v. Hustedt Chevrolet</u>, No. 05-CV-4148, 2009 U.S. Dist. LEXIS 26312, at *13 (E.D.N.Y. Mar. 27, 2009) ("Section 1981 claims based on employment discrimination, and employment discrimination claims under the New York State Human Rights Law are analyzed under the same standards used for Title VII claims."). Under <u>McDonnell Douglas</u>, the plaintiff carries the initial burden to establish a

<u>prima</u> <u>facie</u> case of discrimination. <u>McDonnell Douglas Corp. v.</u> <u>Green</u>, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). To establish a <u>prima</u> <u>facie</u> case of racial discrimination under Title VII, the plaintiff "must demonstrate that: (1) he belonged to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." <u>Terry v. Ashcroft</u>, 336 F.3d 128, 138 (2d Cir. 2003). Similarly, to establish a <u>prima</u> <u>facie</u> case of age discrimination under the ADEA, the plaintiff must show that: "(1) he was within the protected age group; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the adverse employment action occurred under 'circumstances giving rise to an inference of discrimination.'" <u>Id.</u> at 138-39 (quoting <u>Roge v. NYP Holdings,</u> <u>Inc.</u>, 257 F.3d 164, 168 (2d Cir. 2001)).

Once the plaintiff establishes a <u>prima</u> <u>facie</u> case of discrimination, a rebuttable presumption of unlawful discrimination arises. <u>See</u> <u>McPherson v. New York City Dept. of Educ.</u>, 457 F.3d 211, 215 (2d Cir. 2006). The defendant, then, has the opportunity to rebut the presumption by establishing a legitimate, non-discriminatory reason for the allegedly discriminatory action. <u>See</u> <u>McDonnell Douglas</u>, 411 U.S. at 802. If a legitimate, non-discriminatory reason is established, then the burden shifts back

to the plaintiff to prove that the reasons provided by the defendant are a pretext for discrimination. <u>See McPherson</u>, 457 F.3d at 215.

In this case, at the outset, the Court finds that Plaintiff has not pled that he is a member of a protected class under Title VII. Therefore, Plaintiff's claims for disparate treatment under Title VII are DISMISSED. As for Plaintiff's disparate treatment claims based on the ADEA and NYSHRL, those claims are also DISMISSED because Plaintiff has failed to establish at least two of the four elements stated above. Putting aside the fact that Plaintiff may not have been qualified for the Mechanic B position until he was trained, Plaintiff cannot establish that he suffered an adverse employment action. In his Amended Complaint, Plaintiff states that the progressive increase in his salary is an adverse employment action, because he would have preferred an instantaneous increase. But this Court cannot fathom how an <u>increase</u> in salary, albeit a gradual increase, could be construed as an adverse employment action. Moreover, after Plaintiff filed a grievance with his Union, he was paid all of the money he was owed, and he acknowledges that fact.

Even if the progressive increase, could be construed as an adverse action, Plaintiff cannot show that the action occurred under circumstances giving rise to an inference of discrimination. First, Plaintiff was uniquely situated as the only person holding

the Assistant Mechanic title.  He cannot, therefore, be compared with other employees at the LIWC who had been in the Mechanic B position prior to the CBA approval.  In short, there is <u>no</u> <u>evidence</u> supporting Plaintiff's claims of disparate treatment.

Accordingly, having found that there is no genuine issue as to any material fact, the Court DISMISSES Plaintiff's disparate treatment claims.

D.    <u>Retaliation</u>

To establish a <u>prima</u> <u>facie</u> case of retaliation Plaintiff must show that (1) he engaged in protected activity; (2) the Defendant was aware of such activity; (3) the Defendant took adverse action against him; and (4) there is a causal connection between the protected activity and the adverse action.  <u>See</u> <u>Kessler</u> <u>v. Westchester County Dep't of Soc. Servs.</u>, 461 F.3d 199, 205-06 (2d Cir. 2006).  Under the "protected activity" element, the plaintiff need only show that "he had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII." <u>Id.</u> at 210 (quoting <u>McMenemy v. City of Rochester</u>, 241 F.3d 279, 285 (2d Cir. 2001)).

Plaintiff cannot establish a <u>prima</u> <u>facie</u> case. Specifically, Plaintiff cannot show either the third or the fourth elements, because as stated previously, he did not suffer an adverse employment action, nor is there a causal connection between what he perceives as an adverse action and his protected activity.

Having found that there is no genuine issue as to any material fact, the Court DISMISSES these retaliation claims.

   E.   <u>Breach Of Contract</u>

       Under New York law, "[t]o establish a prima facie case for breach of contract, a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." <u>Nat'l Market Share, Inc. v. Sterling Nat'l Bank</u>, 392 F.3d 520, 525 (2d Cir. 2004).

       In this case, it is apparent that there existed some employment contract between the parties. However, Plaintiff has not plead sufficient facts to establish a breach of contract. This claim is DISMISSED.

   F.   <u>New York State Labor Law § 193 Claim</u>

       Section 193 of New York State Labor Law states, in relevant part:

           1. No employer shall make any deduction from the wages of an employee, except deductions which:

               a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or

               b. are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits,

> contributions to charitable
> organizations, payments for United
> States bonds, payments for dues or
> assessments to a labor organization,
> and similar payments for the benefit
> of the employee.

N.Y.S. Labor Law § 193. In support of his Section 193 claim, Plaintiff states he should have been paid at the same rate as the other two Mechanics. But this claim ignores the provisions of the CBA; Plaintiff was not paid at a reduced rate because of an unauthorized deduction from his salary, but was paid at a reduced rate because he had less experience than the other Mechanics. Plaintiff provides no evidence to the contrary, and, on this point again, cannot show a genuine issue of material fact sufficient to defeat Defendant's summary judgment motion.

Accordingly, Plaintiff's Section 193 claim is also DISMISSED.

II.  <u>Sanctions</u>

A.   <u>Rule 11 Requirements</u>

Rule 11 requires that an attorney sign every pleading, written motion, and other paper filed with the courts. FED. R. CIV. P. 11(a). By doing so, the attorney certifies

> that to the best of [his or her] knowledge,
> information, and belief, formed after an
> inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper
> purpose, such as to harass or to cause
> unnecessary delay or needless increase in the
> cost of litigation;

> (2) the claims, defenses, and other legal
> contentions therein are warranted by existing
> law or by a nonfrivolous argument for the
> extension, modification, or reversal of
> existing law or the establishment of new law;
>
> (3) the allegations and other factual
> contentions have evidentiary support or, if
> specifically so identified, are likely to have
> evidentiary support after a reasonable
> opportunity for further investigation or
> discovery; and
>
> (4) the denials of factual contentions are
> warranted on the evidence or, if specifically
> so identified, are reasonably based on a lack
> of information or belief.

FED. R. CIV. P. 11(b). The 1993 Advisory Notes to subsections (b) and (c) state that the rule requires "litigants to 'stop and think' before initially making legal or factual contentions" and "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." FED. R. CIV. P. 11 Advis. Comm. notes (1993 Amendments).

Rule 11(c), empowers the court to impose "appropriate sanctions" for violations of Rule 11(b). FED. R. CIV. P. 11(c)(1). "When a court determines that Rule 11 sanctions are appropriate, it 'has significant discretion in determining what sanctions, if any, should be imposed for a violation.'" E. Gluck Corp. v. Rothenhaus, No. 08-CV-3466, 2008 WL 2944624, at *3 (S.D.N.Y. July 31, 2008) (quoting FED. R. CIV. P. 11 Advis. Comm. Note); see also Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004) ("[I]f the district court concludes that the assertion of a given claim

violates Rule 11 . . . . the decision whether or not to impose sanctions is a matter for the court's discretion."). But any sanctions imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Lipin v. Hunt, 573 F. Supp. 2d 836, 843-44 (S.D.N.Y. 2008) (quoting FED. R. CIV. P. 11(c)(4)); see also Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000) ("[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness.")

   B.   Imposing Rule 11 Sanctions Is Appropriate

        In this case, Plaintiff's counsel has specifically failed to carry out his duties under Rule 11(b)(2) and (3). Specifically, Plaintiff's counsel cannot, with a good faith basis, argue that (1) Plaintiff's claims are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; or (2) the allegations and other factual contentions have evidentiary support.

        In most cases, this Court hesitates to impose Rule 11 sanctions, even if those cases have somewhat questionable support, so as to avoid chilling claims from plaintiffs suffering employment

discrimination. But this case is unique. Not only are Plaintiff's claims completely unsupported, but the Court warned Plaintiff's counsel, during the pre-motion conference held on January 15, 2010, that it saw no evidence in the Rule 56.1 statements for Plaintiff's claims, and the Court would favor imposing Rule 11 sanctions if Plaintiff could not provide facts to further substantiate his case. Plaintiff's counsel acknowledged the Court's warning, and yet continued forward with the claims, without adding any support. It should not, therefore, come as a surprise to Plaintiff's counsel, that the Court hereby imposes sanctions.

The Court awards attorneys' fees and costs to Defendant for the entirety of this case. The party seeking an award of attorneys' fees must support that request with contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work done." N.Y. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983); see Musical Productions, Inc. v. Roma's Record Corp., No. 05-CV-5903, 2009 WL 3052630, at * 9 (E.D.N.Y. Sept. 23, 2009). To aid in the Court's inquiry, the moving party should also submit evidence addressing the various factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Simmons v. New York City Transit Authority, 575 F.3d 170, 174 (2d Cir. 2009) (stating that courts may consider the Johnson factors).

14

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED, and its motion for sanctions is GRANTED.  The Clerk of the Court is directed to terminate all pending motions and mark this matter CLOSED.  Defendant shall submit, within ten days of the entry of this Order, an application for attorneys' fees and costs in accordance with the Court's direction above.  After that application, the Court will direct the Clerk of the Court to enter judgment in favor of Defendant, with such attorneys' fees and costs as it deems proper.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    March  30 , 2010
          Central Islip, New York